**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Burton and Barbara Gammons, | No. CV-10-8081-PCT-LOA |
| Plaintiffs, | **ORDER** |
| vs. | |
| Real Property Investment Services, Inc., an Arizona Corporation, doing business as RPI Services, | |
| Defendant. | |

This case arises on Defendant's Motion to Sever Plaintiffs' Claims. (Doc. 10) Plaintiffs filed a response opposing the Motion, doc. 20, to which Defendant replied, doc. 22. After considering the briefings, the relevant case law, and the August 4, 2010 oral arguments, the Court will grant the Motion to ensure that the employer receives a fair trial, sever the claims, and order each Plaintiff to prosecute a separate lawsuit.

**I. Background**

On May 20, 2010, Plaintiffs Michael Burton and Barbara Gammons (collectively "Plaintiffs") filed this Title VII discrimination action, alleging separate claims of hostile work environment for racial harassment and sexual harassment, and retaliation by their former employer, Defendant Real Property Investment Services, Inc., doing business as RPI Services ("RPI"), in connection with their employment in maintaining and cleaning RPI's residential apartments in Flagstaff, Arizona. (Doc. 1) Plaintiffs seek compensatory

and punitive damages for violations of Title VII, the Fair Housing Act, and request awards for their attorneys' fees and court costs.[1] (*Id.* at 9-10) Prior to filing an answer and before the Court set the Rule 16 scheduling conference, RPI filed the pending Motion on June 28, 2010, requesting severance of Plaintiffs' claims. Plaintiffs and Defendant have consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (Docs. 6, 17)

Plaintiff Gammons alleges that while employed in RPI's housekeeping department, she was subjected to "sexual harassment [that] was both severe and pervasive in that it happened on a near daily basis." (Doc. 1 at 3) The Complaint alleges specific incidents allegedly committed by Bruce Trease, a co-worker. She alleges "much of the sexual harassment occurred in the presence of Dina Samora, manager, who did nothing to stop the conduct . . . [and] sexually offensive and hostile comments were also made in front of Amy Smith, operations manager, and Gary Wilcox, facilities manager, and nothing was ever done to stop the severe and pervasive sexual harassment." (*Id.*) Further, when she complained about the sexually hostile work environment, RPI allegedly retaliated by reducing her pay and reassigning her to work and live at a less desirable property. (*Id.* at 4)

Plaintiff Michael Burton, an African-American formerly employed by RPI as a maintenance technician, alleges "he was subjected to unwanted and offensive racial harassment that was both severe and pervasive," with specific factual examples set forth in the Complaint. (*Id.* at 5) He alleges he "was subjected to severe and pervasive racial discrimination from residents of the property at which he worked and Gary Wilcox, facilities manager, and Plaintiff's direct supervisor." (*Id.*) He alleges "Mr. Wilcox often made racially offensive remarks on a near daily basis about African-American employees always being sick and other types of racial stereotypes." (*Id.*) He alleges that when he "complained about the harassment he suffered retaliation by being denied sick and bereavement time of (sic) comparable to other employees, being given poor evaluations and ultimately terminated."

---

[1] On July 28, 2010, the Court granted RPI's Motion to Dismiss Plaintiffs' Sixth Cause of Action, dismissing Plaintiffs' State pendent claims of negligent hiring, supervising and retaining as barred by Arizona's workers' compensation scheme. (Doc. 24)

(*Id.* at 5-6) Plaintiffs, however, do not argue, nor does the Complaint allege, that RPI engaged in a pattern or practice of discrimination.[2]

**II. Defendant's Motion to Sever**

Defendant RPI contends that Plaintiffs' claims do not arise out of, nor are they related to, the same transaction or occurrence or series of transactions or occurrences, there is no question of fact or law common to Plaintiffs' claims, and failure to sever Plaintiffs' claims will result in undue prejudice and confusion to Defendant before the same jury. Acknowledging Plaintiffs were employed by the same company and both filed Title VII discrimination claims, Defendant argues "[t]he differences between the two Plaintiffs, including the basis for their claims, their jobs, their work history and performance, the alleged adverse actions, and the alleged decision-makers involved in their matters, weigh far more heavily in favor of severance. Plaintiff's claims are not properly joined and should be severed." (Doc. 22 at 2)

Plaintiffs disagree and request the Court deny Defendant's Motion. (Doc. 20) Advancing five arguments against severance, Plaintiffs argue first,

> Plaintiffs both allege violations of Title VII. Second, both Plaintiffs were employed by the same company working at similar properties owned by the Defendant. Third, both Plaintiffs are witnesses for each other and about the facts and circumstances surrounding each other's cases. Fourth, both Plaintiffs had the same reporting chain of command. Fifth, the Defendant's failure to properly investigate and take prompt remedial measures will apply equally and to both Plaintiffs with the same individuals involved. Finally, the EEOC also adjudicated these claims together and issued right to sue letters on the same date.

(*Id.* at 2) Plaintiffs cite *Duke v. Uniroyal Inc.*, 28 F.2d 1413 (4th Cir. 1991) in support of joinder of their claims, arguing that giving the jury separate verdict forms and appropriate

---

[2] The pattern-or-practice method of proving discrimination, in which the plaintiff shows that the employer had a policy of discriminating against a protected class, is not usually available to individual plaintiffs in a non-class action. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 969 (11th Cir. 2008); *Bacon v. Honda*, 370 F.3d 565, 575 n. 30 (6th Cir.2004); Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 760-61 (4th Cir.1998), *vacated on other grounds*, 527 U.S. 1031 (1999); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 711 (2d Cir. 1998)).

instructions, including perhaps a limiting instruction, "could easily [] cure[]" any prejudice to Defendant. (*Id.* at 3) Finally, Plaintiffs conclude that "Defendant has done nothing more than make naked and unsupported allegations of prejudice and jury confusion. The Defendant's arguments are not supported by the facts of this case nor the applicable case law." (*Id.* at 4)

In rebuttal, Defendant points out that the "Court is not bound by an administrative agency's handling of Plaintiffs' claims" and disagrees with Plaintiffs' factual representation that the EEOC adjudicated these claims together. (Doc. 22 at 3) Defendant claims "the EEOC treated Plaintiffs' administrative charges as separate, including separate charge numbers and investigative files, and it issued separate right to sue letters." (*Id.*) Finally, Defendant argues each Plaintiff's claims involve highly inflammatory allegations, citing, as an example, "Plaintiff Burton's claim that the word 'nigger' and other racial stereotypes were used in the workplace [which have] no evidentiary relationship to Plaintiff Gammons' sexual harassment claim [and] if these matters are not severed, the jury will hear evidence regarding Plaintiff Burton's racial allegations in Plaintiff Gammons' case." (*Id.* at 3-4).

**III. Joinder or Severance of Plaintiffs**

Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. Fed.R.Civ.P. 20[3]; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

---

[3]Federal Rule of Civil Procedure 20(a)(1) provides:

**(a) Persons Who May Join or Be Joined.**
  (1) Plaintiffs. Persons may join in one action as plaintiffs if:
    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
    (B) any question of law or fact common to all plaintiffs will arise in the action.

- 4 -

"The purpose of Rule 20(a) is 'to promote judicial economy, and reduce inconvenience, delay, and added expense.'" *Corona v. Knowles*, 2009 WL 3698510 (E.D.Cal. 2009) (quoting *Coughlin*, 130 F.3d at 1351).

Federal Rule of Civil Procedure 21 authorizes the Court to drop parties and sever claims "on just terms." Fed.R.Civ.P. 21[4]; *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness); *Garcia v. GMAC Mortg.*, 2009 WL 1212279, * 1 (D.Ariz. 2009) (citing 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1657, at 428 (2d ed. 1990) ("More commonly, Rule 21 has been invoked to sever parties improperly joined under Rule 20.")). Even if the requirements of Rule 20(a) are satisfied, a district court may properly sever the plaintiffs to avoid prejudice to the parties or confusion to the jury. *Montgomery v. STG Intern., Inc.*, 532 F.Supp.2d 29, 35 (D.D.C. 2008) (citing *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002)). District courts have broad discretion to sever under Rule 21. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000). In a misjoined case, "[t]he court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs 'against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint.'" *Coughlin*, 130 F.3d at 1350 (citation omitted). Significantly, Rule 1, Fed.R.Civ.P., mandates that Rules 20 and 21 "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1, Fed.R.Civ.P.

**IV. Discussion**

---

Fed.R.Civ.P. 20.

[4] Rule 21, Fed.R.Civ.P., states that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms*, add or drop a party. The court may also sever any claim against a party." (Emphasis added)

- 5 -

Plaintiffs fail to satisfy the first prong and part of the second prong, common questions of fact, of Rule 20(a)'s test for permissive joinder. "The first prong, the 'same transaction [or occurrence]' requirement, refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. While each Plaintiff alleges Title VII discrimination claims against the same employer, general claims of discrimination are not enough to create a common transaction or occurrence. According to the Complaint, there are numerous significant factual differences between Plaintiffs' claims: (1) different basis for each claim (Burton alleges racial discrimination-hostile work environment; Gammons alleges sexual harassment-hostile work environment and Fair Housing Act discrimination; (2) different jobs (Burton was a maintenance technician; Gammons worked in housekeeping; (3) different direct supervisors (Burton's was Gary Wilcox or Christina Montiel; Gammons' was Dina Samora (see, affidavit of Amy Smith, Defendant's current President, Exhibit ("Exh") 1, Doc. 10-1 at ¶ 3); (4) different principal offenders: (Burton: Gary Wilcox; Gammons: Bruce Trease); (5) different reasons for leaving Defendant's employment: (Burton was allegedly terminated for performance problems; Gammons allegedly voluntarily resigned and moved to be closer to her family (Exh 1, Doc. 10-1 at ¶¶ 4, 7); and (6) different performance issues: (Burton allegedly had work performance problems for which he received counseling; RPI concedes Gammons did not have any performance problems during her employment (*Id*. at ¶¶ 6-7). While there may be some overlap of witnesses, each Plaintiff's hostile work environment claim is factually distinct and diverse from the other.

Although each Plaintiff alleges a retaliation claim, the Complaint alleges different adverse employment actions[5] by the Defendant's decisionmakers. Burton was allegedly "denied sick and bereavement time of comparable to other employees, being given

---

[5] To present a *prima facie* case for a retaliation claim, a plaintiff must establish that (1) the plaintiff engaged in protected activity, (2) after doing so, s/he was subjected to adverse employment action by the employer, and (3) a causal connection exists between the two events. *Cohen v. Fred Meyer, Inc*., 686 F.2d 793, 796 (9th Cir. 1982); *Kitchen v. WSCO Petroleum Corp*., 481 F.Supp.2d 1136, 1143-1144 (D.Or. 2007).

poor evaluations and ultimately terminated." (Doc. 5-6) Gammons was allegedly "ostracized from management and some co-workers[,] harassed about going to her doctor's appointments that did not happen prior to the complaints of sexual harassment[,] forced to take a pay cut and sent to a less desirable property. . . ." (*Id*. at 4) The facts supporting each retaliation claim are not sufficiently common to justify joinder.

Conversely, the other part of the second prong, common questions of law, weighs in favor of joinder. The elements to prove a hostile work environment are the same for both racial harassment and sexual harassment. "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he [or she] was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) (footnotes omitted). The common issues of law for each Plaintiff's claim for racial harassment, sexual harassment, and retaliation justify permissive joinder of their claims.

Construing Rules 20(a) and 21 with the alleged facts of this case against Rule 1's mandate "to secure the just, speedy, and inexpensive determination" of this action, the Court is persuaded that to achieve a fair and just trial for Defendant severance of Plaintiff's claims is required. Initially there will be greater expense incurred with an additional filing fee and attorneys' time incurred filing amended complaints and separate answers. Trying two separate cases may be more expensive than one but each trial will likely be shorter with fewer witnesses and less complex than one trial litigating both Plaintiffs' claims together. If counsel agree to use common discovery that may be applicable in each case, the cost of maintaining and defending two lawsuits simultaneously would be substantially reduced. Moreover, severance will not unduly delay either case, especially if the parties share common discovery in both cases, the cases track together, and the new case is assigned to the undersigned Magistrate Judge who is familiar with Plaintiffs' claims. It is Rule 1's "just" prong and Rule 21's "just terms" standard that tip the scale of justice to severance.

If the Plaintiffs' claims are not severed, a single jury will hear the alleged racial insults that are at the core of Plaintiff Burton's harassment claim that are so highly offensive even to non-African-Americans. Insults identified in the Complaint like "stupid nigger," "the dark meat," "shut up you black ass nigger," offensive remarks about African-American employees always being sick and other types of racial stereotypes, and comments allegedly made about particular characteristics of the genitalia of African-American men will most certainly be offered in evidence assuming, of course, compliance with the Rules of Evidence. (Doc. 1 at 5) Without severance, the jury will also hear allegations that co-employee Trease climbed on top of Plaintiff Gammons and simulated sexual activity on her, and she was unable to stop him; when Trease walked up to Plaintiff Gammons and kissed her on her mouth, causing her to jump away shocked and horrified; and at a birthday party, Trease provided a sexually offensive birthday card and sex toys as gifts while he complained about his wife not providing him with sex. (*Id.* at 3-4) The combined impact of this offensive behavior, all allegedly made in the presence of, or communicated to, Defendant's managers and supervisors without corrective action taken, is undercly prejudicial to RPI because it would be difficult for the jury to consider such behavior separate as to each Plaintiff despite a limiting instruction to do so. Moreover, a joint trial would limit the Court's ability to control the evidence and exclude unduly prejudicial evidence that outweighs its probative value under Rule 403, Fed.R.Evid.

Unlike *Duke*, 928 F.2d at 1421[6], this Court does not believe that in this case carefully worded jury instructions which "point out [that] each plaintiff's claim should be considered separately and should rise or fall on the evidence with respect to that plaintiff" will meaningfully mitigate the potential prejudicial impact and jury confusion of joinder. As

---

[6] *Duke* is markedly different than the case at hand. There, both Plaintiffs alleged age discrimination, were terminated on the same day "as part of the same reduction of force, . . . under a uniform policy adopted for selecting employees for discharge[,]" and the adverse actions were implemented by the same decisionmaker. 928 F.2d at 1420. "Plaintiffs' claims arise out of the same transaction, a single reduction in force, raising common questions of law and fact." *Id.* at 1421.

the district court expressed in *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1063-1064 (S.D.Tex. 1996), "[b]ecause a joint trial would make it extremely difficult for the jury to keep each Plaintiff's claim separate and require each Plaintiff to independently prove her case, the jury may simply resolve the confusion by considering all the testimony to pertain to all the claims, despite any limiting instructions[,]" quoting *Moorhouse v. Boeing Co.*, 501 F.Supp. 390, 393 n. 4 (E.D.Pa. 1980) ("[e]ven the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that the defendant laid him off because of his age.")).

Other district courts addressing a severance issue with discrimination claims against the same employer have concluded that severance was appropriate. *Henderson*, 918 F.Supp. at 1065 (directing in part that the claims of former employees from separate offices, which alleged various combinations of race, age, and national origin discrimination be severed because the claims were "highly individualized" and would be "extraordinarily confusing for the jury"); *Johnson v. Indopco*, 846 F.Supp. 670, 676 (N.D.Ill. 1994) (denying joinder where current employee claimed race discrimination in denial of promotion, former employee claimed that sexual harassment and race motivated denial of promotion, and claims arose at different times); *Weir v. Litton Bionetics,* 1996 WL 11608, (D.Md. 1986) (severing claims of two age discrimination plaintiffs who were terminated at different times and worked in two divisions that operated independently of one another); *Smith v. North Amer. Rockwell Corp.*, 50 F.R.D. 515, 521-22 (N.D.Ok. 1970) (the court concluded that plaintiffs were misjoined in one action under Rule 20(a), noting that plaintiffs "have attempted to join in one action what are in reality four separate lawsuits arising out of four separate series of transactions or occurrences involving four disparate sets of facts."). Joinder was permitted, however, where 18 plaintiffs sought relief based on the same series of discriminatory transactions by the same decisionmaker in the same department during the same short time frame. *Alexander v. Fulton County*, 207 F.3d 1303, 1323-24 (11th Cir. 2000), *overruled in part on other grounds*, *Manders v. Lee*, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2003).

**V. Conclusion**

The Court concludes that Defendant RPI will be unduly prejudiced by a single trial of Plaintiffs' claims. The risk of undue prejudice and confusion engendered by a single jury trial is simply too great, and would substantially threaten RPI's right to a fair trial. Balancing the purposes of Rule 20(a), with the goals of Rule 1, and Rule 21's authorization to drop parties and to sever claims "on just terms[,]" fundamental fairness warrants granting RPI's Motion.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever Plaintiffs' Claims, doc. 10, is **GRANTED**. The Court finds that this is a case of improper joinder. Each Plaintiff must proceed in a separate case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall assign a new case number for Plaintiff Barbara Gammons and assign that case to this Magistrate Judge. The first-named Plaintiff, Michael Burton, and his lawsuit shall remain with the present case number.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel shall file Amended Complaints in the new case and in this case, asserting the claims of each Plaintiff against Defendant. The Amended Complaints shall be filed on or before **Tuesday, September 7, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff Barbara Gammons shall pay the filing fee in the new case.

Dated this 9th day of August, 2010.

Lawrence O. Anderson
United States Magistrate Judge